UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-CR-00364-CJN |
| : | |
| NILES BARNES, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. For the reasons set forth below, the government requests that the Court impose a total sentence of 6 months incarceration, to be followed by one year of supervised release.

### FACTUAL BACKGROUND

On February 8, 2022, Defendant Niles Barnes was convicted for Carrying a Pistol Without a License in Superior Court Case No. 2021-CF2-003044. *Presentence Report (PSR) at ¶ 36.* For that case, a sentence of 20 months was imposed, all of which was suspended. *Id.* He was placed on supervised probation. *Id.* In December 2022 and January 2023, he was alleged to have violated the conditions of his probation, namely by failing to report for substance abuse and mental health evaluations, as well as failing to report for probation supervision appointments. *Id.* As a result of becoming a loss of supervision, a bench warrant was issued, and Defendant Barnes was arrested on March 8, 2023. *Id.*

On that date, March 8, 2023, Defendant Barnes appeared before D.C. Superior Court Associate Judge H.P. for a bench warrant return. *ECF 11 at 2*. During the hearing, Judge H.P. ordered defendant Barnes to be held in confinement pending the determination of his probation

1

violations. *Id.* As a result, Defendant Barnes became angry and disrupted the Court proceeding by yelling. *Id.* Defendant Barnes swore at the Judge and threatened to spit in the Judge's face. *Id.* As Defendant Barnes was being led out of the courtroom, he spat at Judge H.P. and to court personnel. *Id.* At this point, Defendant Barnes was removed from the courtroom by a Deputy U.S. Marshall. *Id.* During the process of being returned to the cell block, Defendant Barnes spit in the face of Deputy U.S. Marshall D.G. *Id.* At the same time, Defendant Barnes was continuing to make threats against the Judge, including a wish that she gets hit by a bus. *Id.*

On March 30, 2023, Defendant Barnes re-appeared before D.C. Superior Court Associate Judge H.P. in the same case located in the District of Columbia. *Id.* During the hearing, Defendant Barnes became angry and started again interrupting the court proceedings. *Id.* Judge H.P. then dismissed Barnes from the courtroom. *Id.* As a Deputy U.S. Marshall was escorting Defendant Barnes out of the courtroom, Barnes assaulted Judge H.P. by spitting towards her. *Id.*

After a period of time involving a mental competency examination, Defendant Barnes was eventually found to be competent on July 17, 2023. *PSR at ¶ 36.* At a hearing on July 26, 2023, he was found to have violated the terms of his probation. *Id.* At the July 26th hearing, Mr. Barnes was fully compliant and did not demonstrate any disruptive behavior. Judge H.P. sentenced Defendant Barns to 20 months of incarceration, to be followed by three years of supervised release. *Id.* As of the date of this filing, Defendant Barns is expected to be released from his D.C. Superior Court revocation sentence on May 2, 2024, when he will begin three years of supervised release. *Id.*

## PROCEDURAL HISTORY

Defendant Barnes was charged by Criminal Information with three counts of Misdemeanor Assault in Violation of 18 U.S.C. § 111(a)(1) on October 13, 2023. On November 14, 2023, he

made his initial appearance, and he was released on personal recognizance. Defendant Barnes was arraigned on December 8, 2023, and he entered a guilty plea to Count 3 of the Information on March 7, 2024. Sentencing in this matter is scheduled for May 1, 2024.

## DEFENDANT'S SENTENCING GUIDELINES RANGE

The defendant's base offense level calculation for Count 3 of the Information has a base offense level of 10 under U.S.S.G. § 2A2.4. No specific offense characteristic apply, and the defendant is entitled to a two-level decrease for the Acceptance of Responsibility under U.S.S.G. §3E1.1(a). The defendant is calculated to have 3 criminal history points, which places him in criminal history category II. As a result, his applicable advisory guideline range in this case establishes a Total Offense Level of 8, and a Criminal History Category II, with the resulting guidelines sentence being between 4 months and 10 months imprisonment.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553

In sentencing the defendant, the Court must take into account the factors set forth in 18 U.S.C. § 3553(a), as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (I) issued by the Sentencing Commission….; and

        (II) that, . . . are in effect on the date the defendant is sentenced; …

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission … and

    (B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## SENTENCING ARGUMENT

In essence, the defendant's conduct represents a lack of self-control over anger and represents an affront to the judicial system. The government's requested sentence of 6 months, near the mid-point of the sentencing guideline of 4-10 months, and a term of supervised release of 1 year, balances the need to deter future misconduct and promote respect for the rule of law, and the nature and characteristics of the defendant. It is a sentence sufficient, but not greater than necessary in order to achieve the sentencing factors in 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense

The nature and circumstance of this offense leads to a sentence as requested by the government. The nature of this act, spitting, is a visceral action that shows contempt.  Spitting is

offensive in its nature; people find it repulsive to be spat on by another persons' bodily fluid. Spitting is a sign of anger, hatred, disrespect, and scorn. In the context of this case, where the assault occurred against a sitting Judge, courtroom personnel and against a deputy marshal, all of whom are doing their jobs, this spit turns into an attack against the judicial system in itself. The Judge and the courtroom personnel were engaged in their duties, in which they promote the law and a just and orderly society. Assaulting them in this manner, elevates the misconduct to a more significant degree. Courts exist to promote the rule of law for all people. Attacking individuals who work at the Court system while they are doing their duties, simply because one does not agree with the decisions or outcome is the antithesis of the rule of law. Attacking individuals who are engaged in the judicial process as a reprisal for their decisions, not once but twice, demonstrates a striking disrespect to the rule of law. While the government acknowledges that the degree of this assault is misdemeanor in nature, it still is conduct directed against judicial authority, and committing this in open court, during the defendant's own hearing, is a striking example of disrespect and contempt towards judicial authority that requires an appropriate sanction as punishment.

### B. The History and Characteristics of the Defendant

The government highlights a few points about the defendants' history and characteristics that directly bear on sentencing. First, it is very clear that the circumstances of his very early childhood as noted in the Presentence Report were traumatic and impactful. *PSR at ¶ 58.* The impact of the circumstances of his birth is something that certainly mitigates this offense. Second, it is apparent from the record that there appear to be mental and emotional conditions that impact the defendant's ability to control his anger. The government does not dispute that these factors likely contributed to his voluntary actions in assaulting the Judge. In fact, his inability to control

himself in a courtroom, where the proceedings are recorded and defendants obviously have a vested self-interest in demonstrating contrition and respect shows that he lacks self-control. This yields a valid concern about his ability, without some course correction, to control himself in future interactions. This concern about self-control melds with the third point, which is the defendant's criminal history. As documented in the PSR, the underlying conviction which brought him to D.C. Superior Court was a firearm offense where a victim reported Defendant Barnes threatened her. *PSR at 36.* The defendant's criminal history involving a firearm offense and threatening language and the present case which involves assaultive conduct and threatening language causes the government concern about the defendant's future impact on society. While no one should be judged solely by their worst acts, there is a significant concern from the history and characteristics of the defendant that needs to be balanced in sentencing.

## C. The Need for the Sentence Imposed to Protect the Public from Further Crimes of The Defendant.

Based upon the facts of this case and the defendant's history and characteristics, the Government assesses that a sentence of imprisonment combined with supervised release is appropriate in this case in order to protect the public. Most importantly, during the year of requested supervised release, the defendant should be ordered to seek and obtain mental health counseling as a condition of release, specifically focusing on mitigating issues surrounding anger and self-control. During the time of incarceration, the government also recommends the defendant take advantage of the programs as outlines by the Probation office, specifically the Occupational Education Program and the Federal Prisons Industries Program. When coupled with the employment his father's business can provide to him in general construction work, this regular employment can provide significant incentive for the defendant to refrain from further misconduct.

The Government recommends the maximum term of supervised release of one year to ensure the Court's supervision of Defendant Barnes in order to mitigate any future threat. The defendant himself indicated that he is a "community person" who reports that he "is not a danger to society." *PSR ¶ 20.* This demonstrates not only acceptance of responsibility, but an implicit acknowledgement of the impact the negative actions have on the community and public at large. The one year term of supervised release can ensure Defendant Barnes is able to achieve his goals while also providing an additional level of supervision to ensure the underlying causes of the conduct are addressed.

### D.  The Need for the Sentence to Afford Adequate Deterrence

Of all the sentencing factors, the need for deterrence in a case involving an assault upon a sitting Judge is essential. Committing an assault in the D.C. Superior Court against a Judge, in the presence of the potential public and courtroom personnel, cannot go unpunished. As a matter of general deterrence, there needs to be a sentence that accounts for the assault, that addresses it fully in order to deter individuals sitting in the same situation from committing the offense. The government offers that a 6-month sentence of incarceration is appropriate to serve a deterrent effect. Simply put, no one should expect to commit similar actions and go unpunished, and a 6-month sentence of incarceration is necessary to afford adequate deterrence.

## CONCLUSION

The government's recommended sentence appropriately balances the sentencing factors applicable to this case. For the foregoing reasons, the government requests that the Court sentence the defendant, Niles Barnes, to a total sentence of 6 months of incarceration followed by one year of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


*/s/ Alexander R. Schneider*
Alexander R. Schneider
Michigan Bar #P71467
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20579
Phone: (202) 252-7124
Email: alexander.schneider@usdoj.gov